## THE STAR SILK AND WOOLEN COMPANY
### vs.
## HOWARD S. PALMER, ET AL.

Superior Court        Hartford County        File #55937

MEMORANDUM FILED JUNE 7, 1938.

Holden, Gill & Flynn, of Hartford, for the Plaintiff.

William L. Barnett, of New Haven, for the Defendants.

BOOTH, J.   The action is against the Trustees of The New York, New Haven & Hartford Railroad Company.   A stipulation as to some of the facts was entered into by the parties and the remaining facts were supplied by concessions and by evidence adduced at the trial.   The amended complaint contains two counts, but the second count was withdrawn in open court.

The first count sets out a claim for damages based upon the alleged negligence of the defendants.   The defendants by their answer deny the negligence charged and set forth by way of special defense, in substance, that the damage to the plaintiff's goods was due to an act of God, in a situation which by the terms of the bill of lading under which the goods were shipped exempted them from liability.   Issue was joined by the plaintiff upon this affirmative defense, its position as developed on the trial being that although the unusual catastrophe known as the 1937 Connecticut River flood may have partaken of some of the attributes of an act of God, the conduct of the defendants' agents was such as constituted materially contributory negligence combining with this flood to produce its damage.

The plaintiff was the owner of a lot of lace goods consigned to it from Scranton, Pa., to its establishment in Hartford, Conn.   On March 19, 1937 the car containing this shipment was placed by the defendant at 8:30 a.m. in its classification yard at Hartford, known as the Windsor Street Yard.   While there, and within an hour of its arrival, this car with many others was caught in the Connecticut River flood which subsequently rose to a point about a foot above its floor, damaging the plaintiff's property to a conceded extent which on April 20, 1938 amounted to $5,021.75.

There is no question that this flood was by far the greatest of any recorded in this section and was among the 16 highest floods throughout the country.   The defendants take the position that this fact alone is of controlling importance in relieving them of responsibility for damage resulting therefrom. The plaintiff claims, however, by the widespread information, some of which was certainly communicated to responsible agents of the defendants, of the conditions north of Hartford as they developed from day to day and hour to hour, that the

defendants were reasonably informed of at least a possibility that the crests of prior floods were about to be exceeded, in ample time to have protected plaintiff's property by stopping the car before it reached the Windsor Street Yard, or by diverting it to some more secure location, of which there were several available within the ·control of the defendants.

It is true that the defendants will not be relieved of liability by the defense of an act of God if their own lack of care concurs and contributes to plaintiff's damage. *Pleasure Beach Park Co. vs. Bridgeport Dredge & Dock Co.,* 116 Conn. 496, 503. In testing this question the warnings given by the United States Weather Bureau on March 17 and March 18, 1937 and particularly the latter, in which the danger of a flood in excess of the 1927 crest is clearly contained, and the call to the defendants' superintendent's office on the morning of March 19, 1937 at least a half hour before the arrival of the plaintiff's shipment, by which information was conveyed that the dike designed to protect against a 30 foot crest should be added to, clearly put the defendants upon notice, even in the absence of past experience, that the Windsor Street Yard was in danger of inundation. After this they placed the shipment in this yard. This conduct on the part of the defendants was negligent and the resulting damage was proximately caused thereby. This being so, the forces of nature at work concurrently therewith do not, because of their unusual nature, relieve the defendants of their liability.

In view of the foregoing, judgment may enter for the plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendant $5,036.82 damages and costs.